THE PEOPLE OF THE STATE OF NEW YORK, Appellants,
*against* FRANCIS W. FLEISCH, Respondent.

(Decided January 16th, 1885).

The Repealing Act of 1880 did not deprive the district courts in the City of
New York of their jurisdiction over actions upon bastardy or abandon-
ment bonds, by repealing the provisions of section 1 of chapter 389 of
the Laws of 1862 (see L. 1880 c. 245 § 1. subd. 38), which conferred
such jurisdiction upon those courts; since the Repealing Act must be
regarded as taking effect after section 3215 of the Code of Civil Pro-
cedure, which provided (subd. 3) that district courts should have juris-
diction of such actions, "in a case where it is prescribed, by a special
statutory provision, that such an action can be maintained in a district
court."

APPEAL from a judgment of the district court in the
City of New York for the Third Judicial District.

The facts are stated in the opinion.

*W. A. Boyd*, for appellants.

*J. Cochrane*, for respondent.

VAN HOESEN, J.—The learned justice of the district
court was mistaken in supposing that his court was de-
prived of jurisdiction of actions brought in the name of the
people on abandonment or bastardy bonds by the operation
of chapter 245 of the Laws of 1880, which is called the
Repealing Act.

Jurisdiction of such actions was conferred on the district
courts by section 1 of chapter 389 of the Laws of 1862,
which provided that "in addition to the jurisdiction now
conferred by law upon the district courts of the City of
New York, they shall have jurisdiction of actions in which
the people of this state are a party, where such actions are
brought by the overseers of the poor or the Commissioners
of Public Charities and Correction upon bastardy or aban-

donment bonds, and the amount demanded or recovered does not exceed five hundred dollars."

The justice was of opinion that that provision had been repealed before section 3215 of the Code of Civil Procedure went into operation. In this he was mistaken.

Subdivision 3 of section 3215 provides that " district courts shall have jurisdiction of actions in behalf of the people of the state, brought by the direction of the Commissioners of Public Charities and Correction of the City of New York, or of an overseer of the poor, upon a bastardy or abandonment bond, in a case where it is prescribed by a special statutory provision that such an action can be maintained in a district court."

The last chapter of the Code of Civil Procedure (of which section 3215 is a part), went into operation on the 12th day of January, 1880 (Code Civ. Pro. § 3355). On that day, section 1 of chapter 389 of the Laws of 1862 was in full force, and that section was the very one which, in the language of section 3215, " prescribed by a special statutory provision " that an action on an abandonment bond .might be maintained in a district court in behalf of the people of the state.

The mistake of the justice was caused by his overlooking the fact that section 3215 of the Code is to be regarded as having gone into operation on the 12th day of January, 1880.

The first clause of section 1 of chapter 389 of the Laws of 1862, the clause that conferred the jurisdiction we are considering, was in express terms repealed by subdivision 38 of section 1 of the Repealing Act. The Repealing Act did not, however, take effect until the 1st day of September, 1880, (L. 1880 c. 245 § 5); so that it is obvious that section 1 of chapter 389 of the Laws of 1862 remained in full force until that date.

Again, subdivision 7 of section 2 of the Repealing Act declares that the " repeal effected by the 1st section of this act does not affect any provision of the existing laws relating to the district courts of the City of New York . . .

People v. Fleisch.

except so far as the subject thereof is expressly regulated or provided for in the Code of Civil Procedure."

As section 3215 of the Code of Civil Procedure did expressly regulate or provide for actions in the name of the people on abandonment bonds in district courts, we must hold that the Repealing Act did repeal the first clause of section 1 of chapter 389 of the Laws of 1862; but that repeal did not take effect till September 1st, 1880.

Section 1454 of the Consolidation Act of 1882 retains the method of proceeding against disorderly persons that the Revised Statutes prescribed. Those persons were required to give surety for their good behavior. Bonds or recognizances, not undertakings, were required. They may still be given, and when a breach occurs they may be prosecuted in the name of the people, the same as they might have been when the Revised Statutes constituted the only law upon the subject. The Code of Criminal Procedure also prescribes a method of prosecuting disorderly persons, and provides that they shall upon conviction give an undertaking. Where an undertaking is given it may be prosecuted in the name of the Mayor, Aldermen, and Commonalty (Consolidation Act § 1301).

It is to be regretted that the framers of the Consolidation Act saw fit to fasten upon the City of New York two different systems of prosecuting disorderly persons, though for the rest of the state there is only one system. Why should New York City retain the obsolescent recognizance, when in the rest of the state they have the simple undertaking?

LARREMORE and J. F. DALY, JJ.; concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.